IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-MJ-1122-KAC-DCP |
| TERRANCE PATTERSON | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendant Terrance Patterson's Motion to Dismiss Complaint [Doc. 22], filed on November 9, 2022. *See* 28 U.S.C. § 636(b). Defendant asks the Court to dismiss the Criminal Complaint ("Complaint") [Doc. 3] filed against him in this matter with prejudice. He asserts that he was charged by complaint and that no information or indictment was filed within thirty days, so under the Speedy Trial Act, the charge against him "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The Government filed its response on November 18, 2022, stating it does not dispute that the Complaint should be dismissed but argues that based on the factors set forth in 18 U.S.C. § 3162(a)(1), it should be dismissed without prejudice [Doc. 27]. Defendant filed reply that same day restating that the Complaint should be dismissed with prejudice [Doc. 28].

The Court held a motion hearing on December 19, 2022. Assistant United States Attorney ("AUSA") Brent Jones appeared on behalf of the Government. Attorney Laura Davis represented Defendant Patterson, who is released on conditions [Doc. 30] and was also present. At the conclusion of that hearing, the Court took the motion under advisement.

After review of the filings, the parties' arguments, and the relevant law, the Court recommends that Defendant's motion [Doc. 22] be granted in part, in that it be dismissed without prejudice.

I. PROCEDURAL HISTORY

On September 2, 2021, the Complaint was filed against Defendant, charging him with conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [Doc. 3]. At that time, Defendant was in state custody in Michigan [Doc. 22 p. 1], after having been arrested on August 17, 2021, in Tennessee on an absconder warrant. On January 27, 2022, while still in custody in Michigan, Defendant wrote a letter to the Court inquiring about the existence of charges against him and asking if he would be "pick[ed] up" by federal authorities [Doc. 4]. Defendant was paroled by the State of Michigan in May 2022 [Doc. 22 p. 1], and arrested in Michigan on a federal arrest warrant on May 11, 2022 [Doc. 7 p. 1]. At his initial appearance in the Eastern District of Michigan, Defendant agreed to a Rule 5 transfer to this district [Doc. 7 pp. 7, 10–11]. When Defendant first appeared in the Eastern District of Tennessee on June 8, 2022, the Court appointed Assistant Federal Defender Benjamin Sharp to represent him [Doc. 10].

At the time of his initial appearance in this district, Defendant waived a detention hearing [Doc. 11] but requested a preliminary hearing [Doc. 8], which was scheduled for June 22, 2022. Subsequently, Defendant waived his preliminary hearing [Doc. 15]. On September 21, 2022, Defendant filed a pro se Motion to Dismiss [Doc. 16], asking the Court to both dismiss all charges brought against him and appoint new counsel. The Court directed Attorney Sharp to consult with Defendant about the pro se filing and to file either a motion for review of the attorney-client relationship or a motion to withdraw the pro se motion [Doc. 17]. Attorney Sharp then filed a

2

Case 3:21-mj-01122-KAC-DCP    Document 36    Filed 03/07/23    Page 2 of 9    PageID #: 90

Motion to Review Appointment of Counsel [Doc. 18] on October 6, 2022, relating that he met with Defendant, who asked him to file the motion and requests substitute counsel. The Court held a hearing on October 24, 2022, and at the conclusion, substituted Ms. Davis as counsel for Defendant [Doc. 21]. At that same time, the Court denied Defendant's pro se Motion to Dismiss [Doc. 16] without prejudice to refile if new counsel deemed appropriate [Doc. 21 pp. 2–3]. The instant motion followed.

## II. POSITION OF THE PARTIES

The parties agree that dismissal of the Complaint under the Speedy Trial Act is warranted but disagree as to whether the dismissal should be with or without prejudice. Defendant maintains that while the charge against Defendant is serious on its face, the alleged controlled substances, which were obtained by the FBI between May 26 and August 8, 2021, have yet to be analyzed by the Drug Enforcement Administration ("DEA") laboratory [Doc. 22 pp. 3–4]. Thus, Defendant argues "the [G]overnment has not been prepared to proceed with the allegation for over a year … and [the] failure to complete [the] investigation belies the relative seriousness and importance of the charges against [Defendant]" [*Id.* at 4].

The Government responds that the drugs seized during the controlled buys were analyzed and that the results indicated the presence of heroin and fentanyl [Doc. 27 p. 2]. It contends that those test results [Doc. 27-1], which are dated February 2022, have been provided to Defendant but that the test results from the bulk quantity of drugs seized from the August 8, 2021 search warrant execution, are still pending with the DEA laboratory [Doc. 27 pp. 2–3]. The Government explains that it did not seek an indictment within the thirty days required by statute because those test results remain outstanding [*Id*. at 3]. The Government argues that the facts and circumstances of this case support dismissal without prejudice, noting the seriousness of the offense, the pending

3

test results, and the Governments' ongoing efforts to reach a reasonable agreement with Defendant to resolve the case without the remaining drug testing results [*Id*.].

At the motion hearing, Defendant acknowledged that he was not making an allegation of prosecutorial misconduct or malfeasance but simply argues undue delay on the part of the Government. The Government stated that while it had no explanation for the delay in the bulk quantity of drugs not being sent for test until April 19, 2022, it had made efforts to investigate the matter through email and phone communications with the case agent, and on October 25, 2022, the Government sent a letter to the agent requesting that the testing be expedited [*See* Exh. 1]. By the time of the motion hearing, the Government had received all of the testing results and had provided them to Defendant [*See* Exh. 2]. With testing complete and discovery provided, the Government stated that it is positioned to move forward with an indictment.

### III. ANALYSIS

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. The Speedy Trial Act provides substance to this constitutional guarantee by establishing time limits for completing various stages in the criminal prosecution process. The Act requires that "[a]ny information or indictment charging an individual with the commission of a crime shall be filed within thirty days from the date on which such individual was arrested or was served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Further, in the case of any individual charged by means of a criminal complaint, if an indictment or information is not filed within thirty days as provided by § 3161(b) (or as extended by § 3161(h)), "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Here, Defendant was charged via the Complaint on September 2, 2021. The Government concedes that no indictment or information was filed within the requisite timeframe and agrees that the case should be dismissed. There being no dispute as to the factual background or governing statutory authority, the undersigned recommends that the case be dismissed.

If a charge must be dismissed, the decision whether to dismiss with or without prejudice lies within "the guided discretion of the district court[.]" *United States v. Taylor,* 487 U.S. 326, 335 (1988); 18 U.S.C. § 3162(a)(1). The statute does not prefer one remedy over the other but provides three factors for a court to consider when making this determination: (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id*. The undersigned will examine each of these factors in turn.

1. **Seriousness of the Offense**

The initial factor, seriousness of the offense, considers "the gravity of the crime[.]" *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994). First, the Court observes that the charged offense is conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of Title 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(B). "[D]rug offenses are categorically serious for purposes of the Speedy Trial Act" *United States v. Rosse*, 716 F. App'x 453, 461 (6th Cir. 2017) (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000)). Here, the charged offense is punishable by a term of imprisonment of five to forty years, a $5,000,000 fine, and at least four years of supervised release. "Such significant penalties underscore the seriousness with which Congress viewed such offenses and properly factors into the speedy trial analysis." *United States v. Parhizgar*, No. 4:22-CR-403, 2022 WL 17338889, at *3 (N.D. Ohio Nov. 30, 2022) (citing *United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000)

(considering penalty imposed by Congress as evidence of the seriousness of the offense)). While Defendant argues that the delay in investigation belies the seriousness aspect, the undersigned finds his argument more appropriate for consideration under the next factor—facts and circumstances which led to the delayed indictment. "The statute directs the trial court to consider the seriousness of the offense with which the defendant is *charged*." *United States v. Beigali*, 405 F. App'x 7, 12 (6th Cir. 2010) (citing 18 U.S.C. § 3162(a)(2)).

Accordingly, given the seriousness of the charged offense, the undersigned concludes that the first factor weighs in favor of dismissal without prejudice.

### 2. Facts and Circumstances of Case

Next, the undersigned considers the circumstances surrounding the delay. As previously noted, the reason for the Government's failure to timely indict Defendant was that it was waiting for the laboratory test results from the August 8, 2021 drug seizure. While the Government was unable to offer an explanation as to why the seized drugs were not sent to the DEA laboratory until April 19, 2022, or why it took so long to perform the testing analysis, it was not sitting idly. While the test results for the August 8, 2021 seizure remained outstanding, the Government provided the February 2022 test results to Defendant, and the parties were engaged in plea negotiations knowing the testing of the bulk quantity was still pending. In addition, AUSA Jones represented that he communicated with the case agent about the status of the remaining test results.

Under these circumstances, with there being no evidence of affirmative conduct indicating bad faith on the part of the Government, the undersigned can only conclude that the delayed testing was the result of a mistake or oversight. "There is no evidence that the delay resulted from governmental misconduct or gross neglect or that the government took advantage of any delay." *United States v. Perez,* 306 F. App'x 929, 933 (6th Cir. 2009) While Defendant maintains that an

6

extended delay in obtaining laboratory analysis cannot be excused, "'this is not a case where the defendant has shown a pattern of negligence or bad faith on the part of the prosecutors.'" *Id*. (quoting *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004)).  In addition, at least during a portion of the delay period, the parties were engaged in plea negotiations, and "[a]lthough time spent in plea negotiations is not excludable under the Act, it is a relevant factor to consider with regard to what caused the delay." *United States v. Archer*, 984 F. Supp. 321, 324 (E.D. Pa. 1997). As the Government readily acknowledged, it could have been more diligent in making an earlier request for an expedited analysis, but it did not entirely ignore its obligations, and overall this factor weighs against dismissal with prejudice.  *See United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011) (determining mistake of prosecutor weighed in favor of dismissal without prejudice).

### 3. Impact of Reprosecution

The last factor the Court must consider is the impact of the reprosecution on the administration of justice.  The "most relevant considerations" in evaluating this third factor are "'whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance the Act.'" *Rosse*, 716 F. App'x at 461–62 (quoting *Robinson*, 389 F.3d at 589).

Here, the Government acknowledges that Defendant has been prejudiced by being in federal custody since his May 2022 initial appearance in the Eastern District of Michigan but contends that given the seriousness nature of the offense and the lack of prosecutorial misconduct, the administration of justice weighs in factor allowing reprosecution.  The Court agrees.

The fact that Defendant's liberty was impacted by this delay is without question.  However, the undersigned notes that Defendant never sought pretrial release after waiving his detention

7

hearing, which minimizes the degree of prejudice. *United States v. Dilg*, 726 F. App'x 368, 372 (6th Cir. 2018) (upholding district court's finding of minimal prejudice from prolonged incarceration where defendant did not seek pretrial release). Additionally, Defendant has not suggested that the delay has resulted in circumstances that would hinder his ability to mount a defense or otherwise defend himself against the allegations, which further supports dismissal without prejudice. *See Parhizgar*, 2022 WL 17338889, at *5 (noting delay not resulting in the unavailability of witnesses or fading memories supports dismissal without prejudice).

Finally, as previously discussed, the Court does not find, and Defendant does not argue, that the Government acted in bad faith. Thus, dismissal with prejudice would do little to deter or advance the administration of the Speedy Trial Act. *See United States v. Cardona-Rivera*, 64 F.3d 361, 364 (8th Cir. 1995) (holding "where the government does not seek to enhance its position by delaying the trial, and does not regularly disregard the time limits of the Act, dismissal with prejudice is not favored"); *see also United States v. McGrier,* 848 F. Supp. 649, 653 (S.D.W.Va. 1994) (given there was no deliberate attempt to evade the Act, and given the government conceded dismissal, "the Court does not believe it furthers the administration of justice to foreclose reprosecution").

Therefore, despite Defendant having been detained for a lengthy period, there is no evidence of particularized prejudice to his defense and no evidence of bad faith or a pattern of negligence on the part of the Government. Accordingly, the undersigned finds that this third factor weighs against dismissal without prejudice.

Having considered each of the three factors, the undersigned concludes that the appropriate sanction is dismissal of the Complaint against Defendant without prejudice to the Government to renew its prosecution.

## IV. CONCLUSION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Defendants' Motion to Dismiss [Doc. 22] be granted without prejudice.[1]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).